UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SOU HANG SAEPHAN (prisoner # G-11599),

    Petitioner,

v.

J. SCHOMIG, warden; EDMUND G. BROWN, JR., Attorney General of the State of California,

    Respondents.

No. C 09-4658 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Sou Hang Saephan, a prisoner now at the Red Rock Correctional Center in Eloy, Arizona, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court reviewed Saephan's petition pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases, found several deficiencies, and dismissed it with leave to amend. Saephan filed two pages he thought he had omitted from his petition (docket # 6), and a document labeled "Argument" (docket # 7). Docket # 6 and docket # 7 are construed to be amendments to the petition for writ of habeas corpus. The petition as amended is now before the court for review.

## BACKGROUND

According to the habeas petition, Saephan was convicted in Alameda County Superior Court of first degree burglary and was sentenced to an unstated amount of time in prison on an

1  unstated date. He appealed. His conviction was affirmed by the California Court of Appeal in
2  2008 and his petition for review was denied by the California Supreme Court in 2009. He then
3  filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Saephan alleges four claims in his petition as amended: (1) the sentence enhancement under California Penal Code § 667(a) must be stricken because it was not pleaded or proven; (2) the five-year enhancement and the two-strikes sentence must be reversed because Saephan was not advised of any penal consequences of his admission; (3) the concurrent term imposed for the burglary conviction must be stayed under California Penal Code § 654; and (4) he was denied his federal right to due process by the state court's "failure to enforce California procedure and sentencing law." Docket # 7, p. 13. The fourth claim appears to be a federal due process claim for the first claims that are otherwise pled as state law errors, i.e., Saephan appears to allege that the imposition of the § 667(a) enhancement, the imposition of the five-year enhancement and two-strike sentence, and the imposition of the concurrent terms violated federal due process. The federal due process claim is cognizable and warrants a response.

The claims for violations of state law or error in the application of state law are dismissed because the writ of habeas corpus is available under 28 U.S.C. § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d

1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119.

## CONCLUSION

For the foregoing reasons,

1. The petition states a cognizable claim for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **May 13, 2011**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 17, 2011**.

5. Petitioner is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

DATED: March 14, 2011

SUSAN ILLSTON
United States District Judge

3