United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOU HANG SAEPHAN, | No. C 09-4658 SI (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| J. SCHOMIG, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2008, petitioner was convicted by an Alameda County Superior Court jury of first degree robbery and first degree burglary, consequent to which petitioner was sentenced to 13 years in state prison. As grounds for federal habeas relief, petitioner claims (1) that the sentence enhancement under California Penal Code § 667(a) must be stricken because it was not pleaded or proved; (2) that the five-year enhancement and the two-strikes sentence must be reversed

because petitioner was not advised of any penal consequences of his admission of a prior conviction; (3) that the concurrent term imposed for the burglary conviction must be stayed under California Penal Code § 654; and (4) that the state court's failure to "enforce California procedure and sentencing law" violated his right to due process.

## STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

2

**DISCUSSION**

All of petitioner's claims arise from his 13-year sentence, which was calculated as follows:

> For the robbery, the middle term of four years, doubled to eight years under [Cal. Penal Code] section 1170.12, plus five years for a serious felony prior conviction under section 667, subdivision (a); for the burglary, a concurrent term of four years, doubled to eight years pursuant to section 1170.12.

(Ans., Ex. 2 at 2.)

**1.     Sentencing Enhancement under § 667(a)**

Petitioner claims that five-year enhancement imposed under Cal. Penal Code § 667(a) must be stricken from his sentence because it was neither pled in the information, as required by Cal. Penal Code § 1170.1, nor proved. In the amended information, it was alleged that petitioner had committed a prior serious felony within the meaning of § 1192.7, but there was no mention of a sentencing enhancement allegation under § 667(a). The information does state, however, that petitioner "must be sentenced pursuant to [Three Strikes]" because of his prior conviction. (Ans., Ex. 1, Part 3 at 76.) The Court notes that on the day the jury rendered its verdicts, petitioner admitted to having the prior conviction charged in the indictment. (*Id.*, Ex. 5, Part 6 at 312–14.)

The state appellate court agreed that the enhancement was not properly pled as required under § 1170.1, but that such error was harmless under state law:

> Section 667, subdivision (a)(1) mandates imposition of a five-year enhancement for conviction of a serious felony by one who previously has been convicted of a serious felony. [Petitioner] does not dispute that he had a prior serious felony conviction and he does not contend that he would not have admitted the prior conviction had the enhancement been pled in the information. Accordingly, there is no likelihood that [petitioner]'s sentence would have been different had the enhancement allegation been alleged properly in the information.

(Ans., Ex. 2 at 3–4) (footnote removed). As to any federal due process claim, the state appellate court stated that

> [w]hile due process requires a criminal defendant be given fair notice of the charges to provide an opportunity to prepare a defense and to avoid unfair surprise

3

> at trial, constitutional principles of due process are satisfied if the accusatory pleading apprises the defendant of the potential for the enhanced penalty by alleging every fact and circumstance necessary to establish its applicability. [Citations removed.] As set forth above, all of the facts necessary to support the application of the five-year enhancement were alleged in the information.

(*Id.* at 4–5.)

Petitioner's claim will be denied. His claim that the enhancement was not pled in accordance with § 1170.1 is a state law claim, and is therefore not remediable on federal habeas review, even if state law were erroneously interpreted or applied. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861–62 (2011). His claim that his federal due process rights were violated is without merit. Though it is clearly established federal law that a criminal defendant has a Sixth Amendment right to be informed of any charges against him by way of a charging document, *see Gautt v. Lewis*, 489 F.3d 993, 1004 (9th Cir. 2007) (citing *Cole v. Arksansas*, 333 U.S. 196, 201 (1948)), recidivism and prior convictions increasing the maximum penalty need not be charged to comport with the constitutional right to fair notice, *see Almendarez-Torres v. United States*, 523 U.S. 224, 243–44 (1998); *see also United States v. Pacheco-Zepeda*, 234 F.3d 411, 414–15 (9th Cir. 2001). Accordingly, petitioner's claim is DENIED.

**2.     Prior Conviction Admission**

Petitioner claims that the five-year enhancement and the two-strikes sentence must be stricken because he was not advised by the trial court or defense counsel of any penal consequences of his admission that he had a prior conviction. The state appellate court, quoting state case law, rejected this claim because "unlike the admonition required for a waiver of constitutional rights, advisement of the penal consequences of admitting a prior conviction is not constitutionally mandated." (Ans., Ex. 2 at 5.) "Rather, it is a judicially declared rule of criminal procedure." (*Id.*)

Petitioner's claim cannot succeed. First, petitioner had notice of the sentencing consequences. The amended information, as noted above, indicates that petitioner's sentence will be affected if the prior conviction allegation is found true. Second, petitioner has not shown

4

that he has a clearly established right under Supreme Court precedent to be informed of the consequences of admitting to the fact of a prior conviction. Third, it is doubtful whether the Ninth Circuit case holding that a defendant must be informed of the consequences of admitting to a prior conviction because it is the functional equivalent of a plea of guilty, *see Wright v. Craven*, 461 F.2d 1109 (9th Cir. 1972), is still good law. *See United States v. Reed*, 575 F.3d 900, 928 (9th Cir. 2009). Accordingly, petitioner's claim is DENIED.

### 3. Staying the Concurrent Term

Petitioner alleges that the trial court violated his right to due process when it failed to stay, under Cal. Penal Code § 654, the concurrent term imposed for the burglary conviction. Put another way, petitioner claims that the trial court erred in not staying his sentence under a state law. Petitioner's claim is, therefore, a matter of state, not federal, law. Federal habeas relief is unavailable for violations of state law, even if state law were erroneously interpreted or applied. *See Cooke*, 131 S. Ct. at 861–62. Furthermore, "[t]he decision whether to impose sentences concurrently or consecutively" — which is analogous to whether petitioner's concurrent sentence is stayed — "is a matter of state criminal procedure and is not within the purview of federal habeas corpus." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Accordingly, the claim is DENIED.

### 4. Due Process

Petitioner claims that the state court's failure to "enforce California procedure and sentencing law" violated his right to due process. Not only is this claim a reiteration of the claims rejected above, it realleges violations of state law, which, as stated above, are not remediable on federal habeas review. Petitioner cannot transform state law claims into federal claims simply by adding the words "due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Accordingly, this claim is DENIED.

**CONCLUSION**

The state court's denial of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: November 21, 2011

SUSAN ILLSTON
United States District Judge